**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| KEON ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-32-SNLJ |
| | ) |
| REBECCA HESTER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Keon Allen, a pretrial detainee at the Butler County Jail, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $33.43. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint, and will deny without prejudice the motion to appoint counsel.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $167.14, and an average monthly balance of $18.64. The Court will therefore assess an initial partial filing fee of $33.43, which is twenty percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone*

*v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts

which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286

(8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364

F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those

who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## Background

On February 12, 2021, plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 against six

defendants, including two defendants who are named in the instant complaint: Sheriff Mark Dobbs

and Prosecuting Attorney Kacey Proctor. Plaintiff claimed he was subjected to false imprisonment

and unconstitutional conditions of confinement, including denial of access to a window, a light,

hot water for showers, and legal materials. *Allen v. Dobbs, et al.* No. 1:21-cv-26-SNLJ (E.D. Mo.

Feb. 12, 2021) (hereafter "*Allen I*"). Upon initial review, this Court determined the complaint was

subject to dismissal because, *inter alia*, it was unclear who plaintiff intended to sue; he asserted

unrelated claims against multiple defendants in violation of Rule 20(a)(2) of the Federal Rules of

Civil Procedure; his allegations were conclusory and failed to state a plausible claim for relief; and

it appeared some of his claims were barred by *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

This Court entered an order directing plaintiff to file an amended complaint to cure the

deficiencies. The Court specifically instructed plaintiff to avoid attempting to amend via

supplemental documents.

Instead of timely filing an amended complaint as instructed, plaintiff submitted

supplemental documents purporting to add claims and parties to the original complaint. None of

plaintiff's submissions complied with the instructions in the Court's order, or cured or even

addressed the deficiencies in the original complaint. The Court gave plaintiff a second opportunity

3

to file an amended complaint to cure the deficiencies in the original, and again cautioned plaintiff against attempting to amend via supplementation. Despite the Court's instructions, plaintiff responded by submitting a supplemental document purporting to add additional claims and defendants to the original complaint. The document did not cure, or even address, the deficiencies in the original complaint. On May 21, 2021, this Court dismissed the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### The Complaint

Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 against Procter and Dobbs, and against Public Defender Rebecca Hester. Plaintiff sues Hester in her individual capacity, and he sues Procter in her official capacity. He does not indicate the capacity in which he sues Dobbs. Therefore, the Court interprets the complaint as including only official-capacity claims against Dobbs. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, [courts] interpret the complaint as including only official-capacity claims.").

In the complaint, plaintiff claims he is being falsely imprisoned. He alleges Hester failed to properly represent him during criminal proceedings, and Procter filed false charges against him. Plaintiff also claims he is being subjected to unconstitutional conditions of confinement, inasmuch as his living conditions are "extremely hazard[ous]." He alleges there is no light or emergency button in his cell, the food and showers are cold, and he is denied recreation and contact with his family. After filing the complaint, plaintiff submitted five supplemental documents and a letter, all in an apparent attempt to add additional parties and claims to the original complaint. As relief, he seeks damages and release from confinement.

### Discussion

4

The complaint is deficient and subject to dismissal. Briefly, to the extent plaintiff seeks damages against any defendant for causing him to be wrongfully convicted, such claims are barred by *Heck,* 512 U.S. 477. Plaintiff's allegations concerning the allegedly unconstitutional conditions of his confinement are wholly conclusory, and fail to state a claim upon which relief may be granted against any of the named defendants in an official or individual capacity. Plaintiff also asserts unrelated claims against multiple defendants, which is an impermissible pleading practice. *See* Fed. R. Civ. P. 20(a)(2). Additionally, plaintiff has filed numerous supplemental documents in an apparent attempt to amend the complaint. Given the deficiencies in the complaint and plaintiff's expressed desire to amend it, the Court will give him the opportunity to file an amended complaint to fully set forth his claims for relief.

Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain

5

statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

As in *Allen I,* the Court cautions plaintiff to avoid the practice of filing separate or supplemental documents seeking to add to or change the original complaint. Instead, plaintiff must file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion). If plaintiff files such supplemental documents, the Court will not consider them. Plaintiff is further advised to avoid sending letters to the Court in an attempt to communicate about this

pending case. *See* E.D.Mo. L.R. 4.04(A). If plaintiff persists in filing such letters, they will be returned to him or stricken from the record.

Plaintiff has also filed a motion to appoint counsel. The Court will deny the motion at this time, without prejudice. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers factors such as the complexity of the case, the ability of the *pro se* litigant to investigate the facts, the existence of conflicting testimony, and the ability of the *pro se* litigant to present his claims. *Id.* After considering these factors, the Court concludes that the appointment of counsel is not warranted at this time. Based upon the complaint, it does not appear that this case is factually or legally complex, nor does it appear that plaintiff will be unable to investigate the facts. Additionally, the motion is premature. The Court will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $33.43 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within thirty (30) days from the date of this Order.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this ____9+h____ day of June, 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

8