UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

KEON ALLEN, )
 )
      Plaintiff, )
 )
v. ) No. 1:21-cv-32-SNLJ
 )
REBECCA HESTER, et al., )
 )
      Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. On June 9, 2021, this Court ordered plaintiff Keon Allen to file an amended complaint on a Court-provided form within thirty days. (ECF No. 12). Plaintiff has not complied as directed, and the time for doing so has passed. Therefore, for the reasons discussed below, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

### Background

Plaintiff is an inmate at the Butler County Jail. He is proceeding in this action *pro se* and *in forma pauperis*. He initiated this case on February 19, 2021 by filing a complaint pursuant to 42 U.S.C. § 1983 against Public Defender Rebecca Hester, Prosecuting Attorney Kacey Procter, and Sheriff Mark Dobbs. He claimed he was being falsely imprisoned; that Hester failed to properly represent him during criminal proceedings; and Procter filed false charges against him. He also alleged he was being housed in "extremely hazard[ous]" conditions, inasmuch as there was no light or emergency button in his cell, the food and showers were cold, and he was denied recreation and contact with his family. He alleged no facts in support of his claims.

After filing the complaint, plaintiff submitted five supplemental documents and a letter. In those documents, plaintiff complained of many of the same issues as described in the complaint, along with other matters including how food was served to inmates; inmates being required to help repair light fixtures; infirmities in his state court criminal proceedings; no windows in the cells; corrections officers without name tags; problems with the mail; and lack of access to a law library. However, plaintiff's allegations did not state viable claims for relief.

Upon review of the complaint and the documents, this Court determined this action was subject to dismissal. On June 9, 2021, this Court entered an order giving plaintiff the opportunity to file an amended complaint. In that order, the Court clearly explained why this action was subject to dismissal, and gave plaintiff clear instructions about how to prepare the amended complaint. The Court explicitly instructed plaintiff to file a single, comprehensive amended complaint and to avoid filing separate documents in an attempt to amend the original complaint. The Court cautioned plaintiff that his case would be dismissed if he failed to timely comply.

The case at bar is the second 42 U.S.C. § 1983 action plaintiff has recently filed in this Court. On February 12, 2021, he initiated the matter of *Allen v. Dobbs, et al.* No. 1:21-cv-26-SNLJ (E.D. Mo. Feb. 12, 2021) (hereafter "*Allen I*") by filing a complaint against, *inter alia*, Procter and Dobbs. He alleged claims similar to those he asserts in the instant matter, and was twice given leave to file an amended complaint. However, instead of complying with the Court's orders and the instructions therein, he repeatedly submitted supplemental documents similar to the ones he submitted in the case at bar. On May 21, 2021, this Court dismissed the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff appealed, and on July 20, 2021, the United States Court of Appeals for the Eighth Circuit affirmed this Court's judgment. This Court takes judicial notice of the foregoing prior litigation, the records of which

2

are public and relate closely to the case at bar. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (citations omitted) (district court could "take judicial notice, whether requested or not . . . of its own records and files, and facts which are part of its public records . . . Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it.").

**Discussion**

Plaintiff's response to this Court's June 9, 2021 order was due on July 9, 2021. Instead of complying with that order or seeking additional time to do so, plaintiff submitted a supplemental document in an attempt to assert additional claims he wishes to pursue. In the document, plaintiff did not attempt to cure, or even address, the deficiencies the Court noted in the original complaint. Despite having instructed plaintiff to not amend his complaint in this manner, the Court has reviewed plaintiff's submission and has determined it neither cures the deficiencies of the original complaint nor independently states plausible claims for relief.

In the document, plaintiff avers that on May 25, 2021, "legal mail" this Court sent to him was opened before it was given to him. He further asserts that mail other than "legal mail" "gets printed off." Mail from a court is a public document, and is not considered privileged mail that can be opened for inspection only in an inmate's presence. *See Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997) (noting that "privileged prisoner mail" was "mail to or from an inmate's attorney and identified as such"); *see also Knape v. Clement*, No. 4:09-CV-535-CDP, 2009 WL 3012474 (E.D. Mo. Sept. 16, 2009) (mail from a court is a public document and is not considered confidential). Even if the mail from the Court could be considered privileged, his allegations of a single isolated incident with no evidence of improper motive or a resulting interference with his right of access to the courts would not state a claim of constitutional dimension. *See Gardner,*

109 F.3d at 431. Plaintiff does not explain, nor is it apparent, how non-legal mail being "printed off" violates his constitutional rights. Finally, his allegations concerning a delay in the delivery of tablets to inmates are unavailing. Plaintiff lacks standing to bring claims on behalf of the inmate population as a whole, *see Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985), and he alleges nothing that could be construed as an access-to-courts claim or any other claim of constitutional dimension.

Plaintiff's filing neither complies with the June 9, 2021 order nor indicates any desire or attempt to do so. It fails to cure or even address the deficiencies in the original complaint, and does not independently state any viable claim for relief. Plaintiff's response to the Court's order, combined with his prior submissions in this case and his conduct in *Allen I*, leads the Court to conclude that his failure to comply with the order is intentional, rather than accidental or involuntary. In addition, there is no basis to believe that plaintiff would comply with future orders to amend, or prosecute his case in a serious manner, were he allowed to do so.

Federal Rule of Civil Procedure 41(b) addresses the dismissal of a case for failure to comply with Court orders. The United States Supreme Court has held the power to dismiss under Rule 41(b) includes the power to dismiss *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). The Court finds that plaintiff has violated an order of this Court by failing to submit an amended complaint, despite being cautioned that dismissal could result from his failure to do so. Therefore, the Court will dismiss this action at this time, without prejudice. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (holding that a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 29th day of July, 2021.

                                                        STEPHEN N. LIMBAUGH, JR.
                                                       SENIOR UNITED STATES DISTRICT JUDGE